**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50395 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05684-LAB-1 |
| v. | |
| ALEJANDRO PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 7, 2013
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Alejandro Perez appeals his conviction of importing methamphetamine into the United States. He challenges the district court's failure to suppress statements made during an interrogation that exceeded the six-hour "safe harbor" period. He also challenges the district court's finding that his custodial statements were

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

voluntary, and argues that the district court committed reversible error when it instructed the jury that the element of knowledge could only be proven by circumstantial evidence. We affirm.

We do not reach the merits of defendant's Federal Rule of Criminal Procedure 5 claim because it was waived. We review de novo issues involving waiver. *United States v. Jackson*, 697 F.3d 1141, 1143 (9th Cir. 2012). Perez's motion to suppress was made solely on grounds of voluntariness, not on delayed presentment. Perez sought dismissal based on the multi-day delay in presentment[1] but did not identify to the district court any statements he contended should be suppressed, let alone focus attention on whether there was any inappropriate delay in presentment on the day of arrest.[2] Given that the defendant bears the burden of

---

[1] The motion to dismiss under Rule 5 did not provide a sufficient basis for appellate review. The only reference to Perez was his name in the caption. The motion included no facts relating to Perez's experience nor any supporting affidavit.

[2] It is true that the district court may have been mistaken if its comments are taken, as Perez argues, to express the view that a delay in Perez's presentment could be justified by the agents' desire to interrogate him or because interrogation had commenced but had not concluded. "Delay for the purpose of interrogation is the epitome of 'unnecessary delay.'" *Corley v. United States*, 556 U.S. 303, 308 (2009). But Perez never argued to the district court that there were statements made on the day of arrest that should be suppressed, and the government had no opportunity to present evidence or arguments in response to the issue. The question of whether there was justification for delaying presentment to the following day was never fully addressed by the district court.

2

proving grounds for exclusion, it was incumbent on Perez to clearly raise the issue below. *United States v. Van Poyck*, 77 F.3d 285, 288 (9th Cir. 1996). By failing to adequately comply with Federal Rule of Criminal Procedure 12, Perez waived any dispute about suppression of statements due to a Rule 5 violation, and placed the issue beyond our ability to review for plain error. *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000).

Here, there was no clear error in the district court's finding that Perez's custodial statements were voluntary. Perez did not demonstrate that "under the totality of the circumstances, his will was overborne." *United States v. Harrison*, 34 F.3d 886, 890 (9th Cir. 1994). That a suspect remains in control of his responses and consistently denies guilt is compelling evidence that his will was not overborne. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). The district court did not clearly err in finding that Perez remained calm and that there was nothing remarkable about the interrogation.

Nor was there error in the jury instructions. On de novo review, even if clear error exists, we do not reverse if the error was harmless. *United States v. Rubio-Villareal*, 967 F.2d 294, 296 n.3 (9th Cir. 1992). The district court properly instructed jurors to consider both direct and circumstantial evidence. Finally, the

instruction did not relieve the government of its burden of proof. The instructions correctly referenced the government's burden on eight occasions.

**AFFIRMED.**.